IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| Paul Hendricks, | : |
| Plaintiff, | : |
| v. | : No. 3:10-CV-3162-JES-BGC |
| OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., and Angelo Manioudakis | : |
| Defendants. | : |

### NOTICE OF RULING IN *BALOTTI V. OPPENHEIMER FUNDS* AND MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

By agreement of the parties, Plaintiff Paul Hendricks ("Plaintiff") and Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., and Angelo Manioudakis ("Defendants") (collectively, with Plaintiff, the "Parties"), stipulated that the ruling of the United States District Court for the Northern District of Illinois on Defendants' motion to transfer in the matter of *Ballotti v. OppenheimerFunds, Inc.*, 10 CV 50116, shall be binding on the parties in this case. By Order entered September 15, 2010, by this Court (Dkt. No. 15), the Court directed the Parties "to notify the Court of the decision in *Ballotti* on the motion to transfer, and if the motion to transfer is granted, file an appropriate motion to transfer in this case."

By Order entered February 23, 2011, the U.S. District Court for the Northern District of Illinois granted Defendants' motion to transfer filed in the *Ballotti* case. *See* Ex A hereto. Accordingly, pursuant to the Parties' stipulation and this Court's September 15, 2010 Order, Defendants respectfully request that Court enter an order transferring the

above-captioned matter to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a).

Dated: February 25, 2011

> Respectfully Submitted by,
>
> OppenheimerFunds, Inc.,
> OppenheimerFunds Distributor, Inc., and
> Angelo Manioudakis
>
> By: /s/ Bates McIntyre Larson
> One of Defendants' attorneys

Bates McIntyre Larson
Perkins Coie LLP
131 South Dearborn St., Suite 1700
Chicago, IL 60603-5559
Phone: 312.324.8602

*Of Counsel*
Michael Doluisio
Peter Kreher
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Phone: 215.994.2325

> Attorneys for Defendants
> OppenheimerFunds, Inc.,
> OppenheimerFunds Distributor, Inc.,
> and Angelo Manioudakis

# EXHIBIT A

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50116 | **DATE** | 2/23/2011 |
| **CASE TITLE** | Ballotti v. Oppenheimer Funds, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to transfer [9] is granted. This case is transferred to the District of Colorado.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In this diversity action, plaintiff, Diane L. Ballotti, an investor in the Champion Income Fund (Fund), filed a four-count complaint against defendants, Oppenheimerfunds, Inc. (OFI), Oppenheimerfunds Distributor, Inc. (OFDI), and Angelo Manioudakis, a portfolio manager of the Fund, alleging that defendants misled investors by substantially misrepresenting the highly speculative nature of the Fund, and failed to accurately represent the risks and characteristics of the Fund. Pursuant to 28 U.S.C. §1404(a), defendants have moved to transfer this case to the United States District Court for the District of Colorado where multiple other cases against OFI and OFDI are pending.

### I. BACKGROUND

Plaintiff is a 77-year old woman who resides in Crystal Lake, Illinois. In October 2006, plaintiff purchased over 25,000 shares of the Fund, a Massachusetts business trust, through MML Investors Services in Naperville, Illinois. In October 2008, plaintiff purchased additional shares of the Fund. The Fund is managed by OFI under a management contract approved by the Fund's Board of Trustees. The Fund's trustees meet regularly in Centennial, Colorado. OFI is a Colorado corporation with its principal place of business in New York.[1] OFI made all of the day-to-day investment decisions for the Fund and, during the time plaintiff's cause of action arose, Manioudakis headed the team of OFI employees that made these decisions. Manioudakis resides in Massachusetts. OFDI is the principal underwriter and distributor of the Fund's shares and helped draft the public offering and registration documents and other marketing materials sent to the investing public. OFDI is a New York corporation with its principal place of business in New York. Neither OFI nor OFDI have an office in Illinois.

Plaintiff alleges that prior to her purchase of shares of the Fund, defendants, through the prospectus and brochure, portrayed the Fund as a safe mutual fund that did not involve "undue risk." However, according to plaintiff, defendant failed to accurately represent the risks and characteristics of the Fund and the Fund was "anything but safe." Specifically, plaintiff alleges that beginning at the end of 2006 and continuing through the end of 2008, the Fund invested in derivatives and mortgage-backed securities, but failed to inform investors of its new strategy. According to the general counsel for OFI and OFDI, none of the individuals who drafted the

## STATEMENT

Fund's 2006-2008 disclosures or who made the Funds' investments between 2006 and 2008 lived or worked in Illinois.

According to the complaint, in 2008 the value of the Fund's shares dropped by approximately 80 percent, with a loss of 55 percent in November 2008. As a result, plaintiff suffered a loss of approximately $250,000. In Count I of her complaint, plaintiff alleges that defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, by using deception, false promises, and misrepresentation to hide the full risks of the Fund. In Counts II and III, plaintiff brings claims of fraud and misrepresentation against defendants for misrepresenting the level of risk associated with the Fund. Finally, in Count IV, plaintiff alleges OFI and OFDI committed negligent supervision of their agents and representatives when they failed to ensure the Fund's assets were properly invested. Plaintiff filed her claims on May 4, 2010.

Prior to plaintiff filing suit, several other investors in the Fund also made similar claims against defendants. In 2009, two class actions, Janssen v. OppenheimerFunds, Inc., No. 09-cv-0386-JLK-KMT (D. Colo. Feb 24, 2009) and Peters v. Oppenheimer Funds, Inc., No. 09-cv-0525-JLK-KMT (D. Colo. Mar 11, 2009), were filed in the District of Colorado against OFI, OFDI, and the individual trustees of the Fund. These suits did not name Manioudakis. These actions were assigned to Judge John L. Kane, Jr., who later consolidated them and denied defendants' motion transfer to New York because the class actions involved overlapping defendants to other cases assigned to Judge Kane which, according to defendants, involved Oppenheimer municipal bond funds.

In the class actions, brought on behalf of persons who bought shares in the same Fund as plaintiff, the class members alleged that between January 2006 and December 31, 2008, the registration statement and prospectus of the Fund as well as other written communications made fundamental misrepresentations to investors including that the Fund did not "involve undue risk." The class further alleged that the Fund did not seek to avoid undue risk when it sold credit default swaps and invested in mortgage-backed securities. The class claims arise under sections 11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l and 77o, which allow claims for damages sustained as a result of untrue statements of material fact in a registration statement or prospectus.[2]

On July 31, 2009, David and Karen Cohn, California residents who had invested in the Fund, brought an action in the Southern District of California against OFI and OFDI and other officers and trustees of the Fund asserting federal claims under the Securities Act and the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and state claims of fraud under California law based, in part, upon false, misleading and deceptive written material used to market the Fund in 2008. Cohn v. Oppenheimerfunds, Inc., No. 09cv1656 WQH-BLM (S.D. Cal. July 31, 2009). In light of the class actions pending in Colorado, the Cohn case was transferred to the District of Colorado, Cohn v. Oppenheimerfunds, Inc., No.09cv1656-WQH-BLM, 2009 WL 3818365, at *6-7 (S.D. Cal. Nov. 12, 2009), and was consolidated with the class actions for purposes of discovery, Cohn v. Oppenheimerfunds, Inc., No. 09-cv-02738-JLK-KMT (D. Colo. Mar. 2, 2010).

On June 22, 2010, Pauline J. Bohus and Harvey Yavener, filed a shareholder derivative action on behalf of the Fund in the District of Colorado naming as defendants OFI and Manioudakis, and the Fund's Board of Trustees, and alleging that beginning in late 2006 OFI made a shift in risk profile that was contrary to the Fund's stated policies and portfolio that led to deterioration of the Fund from September 2008 through December 2008. According to defendants, the Bohus case was also assigned to Judge Kane.

"Judge Kane is also presiding over an additional thirty-one actions alleging securities law violations against eight Oppenheimer mutual funds, other than the Champion Fund, that were originally filed in or transferred to the District of Colorado." Cohn, 2009 WL 3818365, at *1. "Among these are actions related to Oppenheimer municipal bond mutual funds, which were centralized by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") for pre-trial coordination and consolidation on June 17, 2009." Id. According

## STATEMENT

to defendants, also pending before Judge Kane are two cases involving Oppenheimer Core Bond Fund, litigation that concerns the same portfolio management team as the Fund.

## II. ANALYSIS

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotation marks omitted). The moving party has the burden of establishing that the transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). Any tie is awarded to the plaintiff. In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003).

Transfer under § 1404(a) is appropriate where: (1) venue is proper in this district; (2) venue and jurisdiction are proper in the transferee district; (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. Jaramillo v. DineEquity Inc., 664 F. Supp. 2d 908, 913 (N.D. Ill. 2009); Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). The parties agree that venue and jurisdiction is proper in the District of Colorado, and agree that the central issue here is whether transfer would serve the convenience of the parties and the witnesses and promote the interests of justice. The thrust of defendants' argument is that the interests of justice heavily favor transfer so that all the cases concerning the Fund can be managed by one judge in one district.

### A. Convenience of the Parties and Witnesses

When evaluating the convenience of the parties and witnesses, courts consider (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof, including the convenience of witnesses; and (4) the convenience to the parties. Gueorguiev v. Max Rave, LLC, 526 F. Supp. 2d 853, 857 (N.D. Ill. 2007); Sassy, Inc. v. Berry, 406 F. Supp. 2d 874, 876 (N.D. Ill. 2005); Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc., 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

### 1. Choice of Forum

The plaintiff's choice of forum, especially her home forum, is usually given substantial weight, Nat'l Presto, 347 F.3d at 664, except where the choice of forum lacks any significant connection to the claim, CoolSavings.Com, Inc. v. IQ.Commerce Corp., 53 F. Supp. 2d 1000, 1005 (N.D. Ill. 1999). In this case, plaintiff's choice of forum is Illinois. As discussed in detail in the next section, Illinois has little connection to this action, as the shares were sold all over the United States, the misleading materials were not created in Illinois, and none of defendants' operations or employees are in Illinois. Thus, although this factor weighs against transfer, the court gives it minimal weight.

### 2. Situs of Material Events

Material events are those that give rise to a cause of action. Chukwu v. Air France, 218 F. Supp. 2d 979, 989 (N.D. Ill. 2002). Plaintiff does not dispute that in fraud cases involving materials relied upon by investors, like this one, the material events at issue are generally "not the actual purchases of stock or the receipt of the [documents]," but rather "the creation and dissemination" of the documents. Morris v. Am. Bioscience, Inc., No. 03 C 7525, 2004 WL 2496496, at *3 (N.D. Ill. Nov. 3, 2004); see also Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 903 (N.D. Ill. 2001). Nor does plaintiff dispute that the misleading prospectus materials were drafted in

Case 1:11-cv-00487-JLK Document 1 Filed 02/28/11 USDC Colorado Page 7 of 11
Case: 3:10-cv-50116 Document #: 20 Filed: 02/23/11 Page 4 of 7 PageID #:380

STATEMENT

New York. As to plaintiff's negligent supervision claim, plaintiff also does not dispute that oversight of Manioudakis and his team also occurred in New York. According to Robert C. Zack, general counsel for OFI and OFDI, Manioudakis and his team also worked in Boston at times. Neither side provides the court with specific information as to where all the materials were prepared or where any materials were disseminated, although defendants assert generally that investment management operations for the Fund occur in OFI's New York offices.

Defendants argue that part of the material events occurred in Colorado because the Fund's Board regularly met in Colorado and reviewed and approved the prospectus materials in Colorado. However, plaintiff argues that unlike other suits by investors, she does not name the trustees in this action or challenge their role in approving the prospectus materials, which are only some of the materials at issue in this case. This point is well taken. Plaintiff also notes that some of the materials about which plaintiff complains were sent to plaintiff's home and her broker's office, both in Illinois, and the decision to invest in the Fund was made in Illinois.

Despite these minimal connections to other states, the court finds most of the material events in this case occurred in New York. As such, this factor does not favor either side.

### 3. Ease of Access to Sources of Proof

The third factor the court considers is the relative ease of access to sources of proof in each forum. Sassy, 406 F. Supp. 2d at 876. According to Zack, all of the Fund's documents are maintained in Colorado or New York and all other potentially relevant documents are located in New York. None of the sources of proof are located in Illinois. Despite some sources being located in Colorado, however, the location of these documents does not weigh in favor of either location. See CoolSavings.Com, Inc., 53 F. Supp. 2d at 1006. Modern technology has made it easy and cheap to transfer this kind of information between locations. Id. (noting that all the documents will have to be copied and transferred to the attorneys in both venues and that modern technology makes it easy and cheap to transfer information); see also Digan v. Euro-Am. Brands, LLC, No. 10-cv-799, 2010 WL 3385476, at *5 (N.D. Ill. Aug. 19, 2010).

The convenience of witnesses is a different matter. The costs and ease of obtaining the attendance of witnesses is an important consideration in determining the convenience of the witnesses. CoolSavings.Com, 53 F. Supp. 2d at 1006. Plaintiff's broker will be a witness and is located in Illinois. The parties agree that many of the other witnesses live or work in New York or Boston. Defendant asserts that many potential witness live in Colorado or travel there regularly on business. Defendant also points out that it is likely that the trustees' testimony will also be relevant, and they regularly meet in Colorado.

More importantly, however, is that transfer to Colorado would possibly be more convenient for the third-party witnesses who already would be required to testify in the Colorado actions. It would be more convenient for witnesses to only have to travel to one forum for several cases than to two fora hundreds of miles apart. See Cohn, 2009 WL 3818365 at *5. As such, this factor weighs in favor of transfer.

### d. Convenience of Parties

Finally, the court must also consider convenience of the parties. Transfer is not appropriate simply to shift the inconvenience from the defendants to the plaintiff. Nat'l Presto, 347 F.3d at 665; Digan, 2010 WL 3385476, at *5. Plaintiff asserts that transfer would be financially and physically burdensome to her, as she is on a fixed income and she was recently diagnosed with lung cancer and her physical condition limits her ability to travel. Plaintiff also asserts she would have to hire new counsel or her current counsel would have to associate with local counsel in Colorado.[3]

Case 1:11-cv-00487-JLK Document 1 Filed 02/28/11 USDC Colorado Page 8 of 11
Case: 3:10-cv-50116 Document #: 20 Filed: 02/23/11 Page 5 of 7 PageID #:381
3:10-cv-03162-MF-M-DCC #:17 Page 8 of 11

## STATEMENT

OFI and OFDI have substantial connections to Colorado, including employees. Moreover, the District of Colorado provides an added convenience to all three defendants as it is where many other cases against them are pending. Defendants correctly assert that they would face a potentially significant burden from litigating essentially the same case in multiple fora. Compare IP Innovation L.L.C. v. Matsushita Electric Indus. Co., Ltd., No. 05 C 902, 2005 WL 1458232, at *3 (N.D. Ill. June 13, 2005) (finding that one district was preferable because plaintiffs were pursuing additional actions in that district); Altamont Pharmacy, Inc. v. Abbott Labs., No. 94 C 6282, 95 C 246, 95 C 2015, 95 C 1940, 2002 WL 69495, at *4 (N.D. Ill. Jan. 18, 2002) (agreeing "that all the parties will avoid the duplication of time and expense that would inevitably result if the cases were tried in multiple forums"). Moreover, defendants are sensitive to plaintiff's medical condition and have agreed to depose her and her broker in Illinois. Compare Jaramillo, 664 F. Supp. 2d at 915 ("Because Defendants have agreed to take Plaintiffs' depositions in Illinois, [plaintiffs] will not be inconvenienced by a transfer of this action to Kansas."); R.E. Davis Chem. Corp. v. Int'l Crystal Labs., Inc., No. 03 C 7288, 2004 WL 2191328, at *6 (N.D. Ill. Sept. 27, 2004) (holding that "although the Court is sensitive to the concerns of Mr. Davis, Plaintiff's principal, about his health and his inability to travel, he may appear by deposition in Illinois no matter where the litigation is centered").

Thus, each forum provides specific conveniences to each party. Although defendants have agreed to depose plaintiff in Illinois, making transfer somewhat less inconvenient for plaintiff, if a trial were to occur this concession would not aid plaintiff. Given the above considerations, there are hardships for both parties and to transfer the case to Colorado would merely shift the inconvenience to plaintiff. Accordingly, the relative convenience of choosing the District of Colorado over the Northern District of Illinois does not tip the scales significantly in favor of transfer.

After reviewing all the factors, this court cannot find that the convenience of parties and witnesses factor weighs in favor of transfer. Ultimately, the factors are split evenly between the parties, and do not greatly favor either side. Any tie is awarded to the plaintiff. In re Nat'l Presto Indus., Inc., 347 F.3d at 665. That being said, this court also must next consider the interest of justice factor, which highly favors defendant. "In many cases, this factor is determinative, and can override the fact that the inconvenience factors weigh against transfer." Dean Foods Co. v. Eastman Chem. Co., No. 00 C 3675, 2000 WL 1557915, at *5 (N.D. Ill. Oct. 19, 2000).

### B. Interests of Justice

In assessing the interests of justice, the court considers factors relevant to the public interest of the court. Jaramillo, 664 F. Supp. 2d at 915. These include (1) the effect of transfer on the efficient administration of justice, (2) the court's familiarity with the applicable law, and (3) the community's relationship to the cause of action. Gueorguiev, 526 F. Supp. 2d at 859; Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 904 (N.D. Ill. 2001).

As for the efficient administrate of justice, it is in the interests of justice and judicial economy to keep related litigation together. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Consequently, the pendency of the Colorado class actions and the Cohn and Bohus actions weigh heavily in favor of transfer. The claims made in all the actions are substantially similar. In each case, many of the plaintiffs' claims hinge upon the same misrepresentations in the prospectus and brochure materials and improper actions taken by Fund managers that were inconsistent with the Fund's description. Although the claims in the instant case allege the violation of Illinois law, and the Colorado actions are largely based on alleged violations of federal securities laws, the factual similarities among all the cases are substantial. Plaintiffs in Cohn and the class actions also allege that the Fund's prospectus materials and other materials contained misleading information asserting the Fund would not create "undue risk" and that the Fund managers improperly invested in derivatives and mortgage-backed securities, but failed to inform investors of its new strategy. Compare

## STATEMENT

Jaramillo, 664 F. Supp. 2d at 916 (granting transfer to forum where a substantially similar case was pending, but the claims were brought under different law).

Plaintiff seeks to distinguish her case from the others by arguing that her case does not name the trustees and states a claim of negligent supervision, which the others do not. However, the court does not find that these distinctions outweigh the immense benefits of having one court hear the similar cases. Although there may be some additional legal issues that arise in each separate case, such as the California law claims in Cohn and fiduciary duty issues in Bohus, the similarity of the factual issues are extensive. These similarities lend themselves to the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments. Moreover, the Colorado court is already considering motions to dismiss on the class actions, and thus, is further along in examining the issues underlying the claimed misrepresentation than this court. Compare Dean Foods, 2000 WL 1557915, at *5 (holding that "normally, related litigation should be transferred to a forum where consolidation is feasible and logical, in an effort to minimize duplication or energy" and recognizing that where cases involve similar issues and stem from the same factual basis, it would be wasteful of time, energy and resources to permit both to go on simultaneously); HRC Commercial Realty, Inc. v. Levine, No. 90 C 2921, 1990 WL 186082, at *5 (N.D. Ill. Nov. 9, 1990) (holding that even if the cases would not be subject to consolidation, a motion to transfer should be granted if a related action is pending in the proposed transferee district, especially if a duplication of discovery efforts will be avoided by proper judicial coordination).

Despite the other cases pending in Colorado, plaintiff asserts that the efficient administration does not favor transfer because according to the federal statistics, the Northern District of Illinois has been more expeditious than the District of Colorado in disposing of cases over the past nine years. According to the *Federal Court Management Statistics*, in the 12 months preceding September 2009, the Northern District of Illinois took on average 6.2 months to move a civil case from filing to disposition. In the District of Colorado, it took 6.3 months.[4] Notably, the disparity between the district was much greater in 2006 and prior, but plaintiff does not indicate that there are any factors in the District of Colorado that would change the current speeds at which cases are processed. Moreover, plaintiff has not considered the fact that similar cases have been pending in the District of Colorado for more than a year, and thus, that court's familiarity with the issues in this case and speed at which it could dispose of it is likely greater than average case entering the system there.

The other relevant "interest of justice" factors do not weigh strongly in either direction. Although this court presumes it is generally more familiar with Illinois state law than a Colorado district court, there is nothing complex about this case that will make the Colorado district any less suited to applying Illinois law. Compare Travel Supreme, Inc. v. NVER Enters., Inc., No. 3:07CV194PPS, 2007 WL 2962641, at *11 (N.D. Ind. Oct. 5, 2007) (holding that although "[a]s a general rule, it is advantageous to have federal judges try a case who are familiar with the applicable state law . . . where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts" (quotation marks and citations omitted)); see also Amoco Oil, 90 F. Supp. 2d at 962 (holding that although the Northern District of Illinois may be more familiar with substantive Illinois law, courts are often called upon to decide legal questions based upon another state's law and because the law at issue was not beyond the comprehension of the sister court, this factor is neutral). Moreover, while Illinois has a strong interest in protecting its citizens from fraud, Gelco Corp. v. Major Chevrolet, Inc., No. 01 C 9719, 2002 WL 31427027, at *7 (N.D. Ill. Oct. 30, 2002), Colorado has a strong interest in the activities of its corporations, see id. (holding that "New York retains some interest in the litigation because defendant, a New York automobile dealership, allegedly engages in fraudulent practices"); Alcar Group, Inc. v. Corporate Performance Sys., Ltd., 109 F. Supp. 2d. 948, 952 (N.D. Ill. 2000) (holding that a state has an interest in seeing its corporations do not engage in deceptive practices).

Accordingly, the interest of justice weighs heavily in favor of transfer.

Case 3:10-cv-50116 Document #: 20 Filed: 02/23/11 Page 7 of 7 PageID #:383

**STATEMENT**

### III. CONCLUSION

The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Van Dusen</u>, 376 U.S. at 616. Although the convenience of parties and witness factor weighs evenly as to each party, the court concludes that the interests of justice would be best served by transferring this action to the District of Colorado. Several other cases concerning nearly identical facts and allegations are pending before the same judge in the District of Colorado. Transfer to that district will save judicial resources, as well as the time and energy of the litigants and witnesses involved. Therefore, defendants' motion to transfer is granted.

---

1. Plaintiff alleges that OFI is a New York corporation, but defendants have submitted the declaration of Robert C. Zack, general counsel for OFI and OFDI, who states that OFI is a Colorado corporation.

2. Defendants claim that plaintiff would be a member of one of these classes. Plaintiff responds once the class is certified she would opt out of that class action and pursue her own claims alleged in this case.

3. The court considers this fact only so much as it relates to plaintiff. In considering the convenience of the parties, courts do not generally consider the convenience of counsel. <u>Jaramillo</u>, 664 F. Supp. 2d at 915.

4. During this same time period, both districts' median time from filing to trial was 27.8 months.

# CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on February 25, 2011, I caused the foregoing **NOTICE OF RULING IN *BALOTTI V. OPPENHEIMER FUNDS* AND MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** to be served via the Courts ECF filing system on the counsel of record listed below:

*Attorneys for Plaintiff*

Andrew Stoltmann
David Neuman
Stoltmann Law Offices, P.C.
10 S. LaSalle St., Suite 3500
Chicago, IL  60603
(312)332-4200
(312) 332-4201 facsimile

John S. Burke
Higgins &Burke, P.C.
7 S. Second Avenue
St. Charles, IL  60174
(630) 762-9081
(630) 762-9084 facsimile

    /s/  Bates McIntyre Larson
One of Defendants' attorneys